IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                      Case Nos.:      3:01cr8/RV
                                                        3:12cv507/RV/EMT

WALTER DEVON GRANDISON

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (docs. 199, 200). The court notes that Defendant failed to properly complete the court-approved form for use in section 2255 cases, instead referring to the attached memorandum of law. Local Rule 5.1(J)(2) for the Northern District of Florida states that the court will not accept for consideration a motion pursuant to section 2255 unless the appropriate form is properly completed and filed. After review of the docket, it appears that amendment would be futile at this time, as this court does not have jurisdiction to consider Defendant's motion.

It is well established that the district court lacks jurisdiction to consider and rule on a § 2255 motion during the pendency of the direct appeal. United States v. Dunham, 240 F.3d 1328, 1329–30 (11th Cir. 2001); *see also* United States v. Khoury, 901 F.2d 975, 976 n.20 (11th Cir. 1990), *modified by*, United States v. Khoury, 910 F.2d 713 (11th Cir. 1990); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."). Although Defendant's appeal of his 2001 conviction has long been resolved, there is currently an appeal pending in Defendant's case (*see* docs. 195–198) that could

render moot the issues raised in the instant § 2255 motion, and therefore, the motion should be dismissed without prejudice.

Defendant Walter Devon Grandison was originally sentenced to a term of 360-months imprisonment in June of 2001 for various controlled substance offenses (*see* docs. 66, 68). His conviction and sentence were affirmed on appeal in June of 2002 (doc. 98). Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 in April of 2005, which was summarily dismissed as untimely (*see* docs. 101–105). He appealed, and after his request for a certificate of appealability was denied, the appeal was dismissed (docs. 107, 112, 121, 122).

In January of 2008 Defendant filed a "Motion for Reduction of Sentence" pursuant to 18 U.S.C. § 3582(c)(2) (doc. 124), which the Government moved to dismiss (doc. 126). The court denied Defendant's motion (doc. 130), Defendant appealed (doc. 132), and the Eleventh Circuit vacated the district court's order and remanded the case for reconsideration (doc. 154). The district court then granted Defendant's motion and reduced his sentence from 360 to 324 months (doc. 156). Defendant appealed that order (doc. 157), and the Eleventh Circuit affirmed (doc. 167).

In November of 2011 Defendant filed a "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2), Retroactive Amendment 750" (doc. 169). The district court denied the motion after considering all of the submissions, having concluded that Defendant was ineligible for a reduction (*see* docs. 170, 173, 174). It also issued a Statement of Reasons, which it subsequently amended to correct a scrivener's error in the applicable Guidelines range after Defendant filed a "Motion Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to Alter or Amend Judgment" (*see* docs. 175–78).

In March of 2012 Defendant filed a "Motion Pursuant to 18 U.S.C. § 3582(c)(2) to Modify or Reduce Term of Imprisonment" (doc. 179), which the court denied (doc. 181) after response from the Government (doc. 180). Defendant appealed (doc. 182). While his appeal was pending, he filed a "Motion for Post-Sentencing Rehabilitation Pursuant to 18 U.S.C. § 3661, and <u>Pepper v. Untied States</u>" (doc. 187), which was denied on July 3, 2012, on the basis that there was no jurisdiction or legal authority for re-sentencing (doc. 188). On July 27, 2012, the Eleventh Circuit vacated the district court's order denying Defendant's § 3582 motion (doc. 181) and remanded for reconsideration (doc. 190). Upon reconsideration on July 31, 2012, the district court issued an

amended order in which it reduced Defendant's term of imprisonment from 324 to 270 months and issued an amended statement of reasons (*see* docs. 191, 192).

Defendant then filed a motion pursuant to Rule 60(b)(6) (doc. 193). In this motion, he contended that the court should reexamine the order entered on July 3, 2012, denying Defendant's motion for reduction of sentence based on post-sentencing rehabilitation (*id.* at 1). Defendant also argued that there were errors in the court's calculations that affected its order of July 31, 2012, regarding his § 3582 motion (*id.* at 3–6). Defendant's Rule 60(b) motion was denied (doc. 194), and he appealed (doc. 195). This appeal, which potentially affects the district court's orders of both July 3 (doc. 188) and July 31, 2012 (doc. 191) is still pending.

In the instant motion to vacate, Defendant challenges the district court's order issued July 31, 2012 (*see* doc. 199 at 1). As noted above, he provides no information about the nature of his challenge on the § 2255 form itself, other than to identify "incorrect sentence" as his ground for relief and reference his memorandum of law. In the memorandum of law, he indicates his intent to "correct" the sentence entered on July 31, 2012 (doc. 200 at 2), despite the fact that a challenge to this sentence is currently pending on appeal. Defendant's motion should be dismissed without prejudice to its reassertion, if appropriate, upon the conclusion of his appeal.

<u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 Rule 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this

recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 199) be **DISMISSED without prejudice**.

2.      No certificate of appealability be issued.

At Pensacola, Florida, this 24ᵗʰ day of October 2012.


/s/  *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**




## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**