IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:    3:01cr8/RV
                                                     3:13cv451/RV/EMT

WALTER DEVON GRANDISON

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 207). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant Walter Devon Grandison was originally sentenced to a term of 360-months imprisonment in June of 2001 for various controlled substance offenses (*see* docs. 66, 68). His conviction and sentence were affirmed on appeal in June of 2002 (doc. 98). Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 in April of 2005, which was summarily dismissed as untimely (*see* docs. 101–105). He appealed, and after his request for a certificate of appealability was denied, the appeal was dismissed (docs. 107, 112, 121, 122).

In January of 2008 Defendant filed a "Motion for Reduction of Sentence" pursuant to 18 U.S.C. § 3582(c)(2) (doc. 124), which the Government moved to dismiss (doc. 126). The court denied Defendant's motion (doc. 130), Defendant appealed (doc. 132), and the Eleventh Circuit vacated the

district court's order and remanded the case for reconsideration (doc. 154). The district court then granted Defendant's motion and reduced his sentence from 360 to 324 months (doc. 156). Defendant appealed that order (doc. 157), and the Eleventh Circuit affirmed (doc. 167).

In November of 2011 Defendant filed a "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2), Retroactive Amendment 750" (doc. 169). The district court denied the motion after considering all of the submissions, having concluded that Defendant was ineligible for a reduction (*see* docs. 170, 173, 174). It also issued a Statement of Reasons, which it subsequently amended to correct a scrivener's error in the applicable Guidelines range after Defendant filed a "Motion Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to Alter or Amend Judgment" (*see* docs. 175–78).

In March of 2012 Defendant filed a "Motion Pursuant to 18 U.S.C. § 3582(c)(2) to Modify or Reduce Term of Imprisonment" (doc. 179), which the court denied (doc. 181) after response from the Government (doc. 180). Defendant appealed (doc. 182). While his appeal was pending, he filed a "Motion for Post-Sentencing Rehabilitation Pursuant to 18 U.S.C. § 3661, and <u>Pepper v. Untied States</u>" (doc. 187), which was denied on July 3, 2012, on the basis that there was no jurisdiction or legal authority for re-sentencing (doc. 188). On July 27, 2012, the Eleventh Circuit vacated the district court's order (doc. 181) denying Defendant's § 3582 motion (doc. 179) and remanded for reconsideration (doc. 190). Upon reconsideration on July 31, 2012, the district court issued an amended order in which it reduced Defendant's term of imprisonment from 324 to 270 months and issued an amended statement of reasons (*see* docs. 191, 192).

Defendant then filed a motion pursuant to Rule 60(b)(6) (doc. 193). In this motion, he contended that the court should reexamine the order entered on July 3, 2012, denying Defendant's motion for reduction of sentence based on post-sentencing rehabilitation (*id.* at 1). Defendant also argued that there were errors in the court's calculations that affected its order of July 31, 2012, regarding his § 3582 motion (*id.* at 3–6). Defendant's Rule 60(b) motion was denied (doc. 194), and he appealed (doc. 195).

While that appeal was pending, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 in which he challenged the district court's order issued July 31, 2012 (*see* doc. 199 at 1; doc. 200 at 2). Because the pending appeal potentially affected the district court's orders of both July 3,

2012 (doc. 188) and July 31, 2012 (doc. 191), the motion was dismissed without prejudice to its reassertion, if appropriate, upon the conclusion of his appeal (docs. 201, 204). Defendant's appeal was dismissed on January 31, 2013 for want of prosecution (doc. 206), and Defendant thereafter filed the instant motion to vacate (doc. 207). Defendant now raises three grounds for relief, each relating to the application of the career offender guidelines provision to his case.

Before a second or successive application for § 2255 relief is filed in the district court, the defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010). However, "second or successive" is a term of art, and under certain circumstances, what facially appears to be a second or successive application may not be. *See* Magwood v. Patterson, 130 S. Ct. 2788, 2794 (2010); Slack v. McDaniel, 529 U.S. 473, 486 (2000). Habeas petitions challenging the constitutionality of re-sentencing proceedings are not successive to petitions that challenge the underlying conviction and original sentence. *Id*. (citation omitted). Otherwise stated, a petition that challenges a criminal judgment other than the one attacked in an earlier petition is not successive. *Id*. (citation omitted); *see also* Panetti v. Quarterman, 551 U.S. 930 (2007); Stewart v. United States, 646 F.3d 856, 859–60 (11th Cir. 2011).

Through Defendant's motion, he challenges the district court's Amended Order dated July 31, 2012 (doc. 191). The lone issue raised in that order was the effect of U.S.S.G. Amendment 750 on Defendant's sentence (*see* doc. 179).[1] Thus, to the extent the instant motion goes beyond the scope of that order to challenge earlier rulings or decisions, it is successive, untimely, or both.

In Defendant's first ground for relief, he claims that the district court lacked jurisdiction to base his sentence on the enhancement information as filed (doc. 207 at 9), and he refers to excerpts from the transcript from his original sentencing proceeding in 2001 (*id*. at 24–28). The Government's Notice of Enhancement listed four prior qualifying convictions, three involving crimes of violence and one involving a controlled substance offense (doc. 40). After some discussion between the court and counsel at sentencing, the Government stated that the prior felony drug conviction listed in paragraph

---

[1] Defendant's sentence was previously reduced pursuant to Amendment 706 in June of 2009 from 360 months to 324 months (*see* docs. 124, 156).

Case Nos.: 3:01cr8/RV; 3:13cv451/RV/EMT

3 of its notice was appropriate for enhancement, but that it was "withdrawing" the others, as they seemed to be misdemeanors rather than felonies (doc. 207 at 27). Defendant did not contest this felony drug conviction (*see* doc. 98 at 7). Thus, as was found by the Eleventh Circuit, enhanced penalties under § 841(b)(1)(C) were proper (*id.*). Even if Defendant's claim is not considered to be successive, Defendant is not entitled to relief as the propriety of the application of the enhanced penalties has previously been decided.

In grounds two and three, Defendant contends that he is factually and legally innocent of career offender treatment as applied to him in the § 3582(c)(2) order [doc. 192] and that he is entitled to re-sentencing where he can raise these arguments (doc. 207 at 10, 12). Based on the Government's withdrawal of three of the four felony convictions noted in its enhancement, it would appear that Defendant had only one prior conviction that would have qualified him as a career offender pursuant to § 4B1.1. The district court did not need to reach this issue because, as noted by the probation officer at sentencing, Defendant's base offense level of 38 was higher than the career offender guideline of 37, and thus the career offender guideline would have no impact on Defendant's sentence (*see* doc. 207 at 25). The same was true at re-sentencing. In the court's "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)," Defendant's recalculated offense level of 36 pursuant to Amendment 706 was higher than the applicable career offender offense level of 34.[2] Thus, § 4B1.1 also had no bearing upon Defendant's re-sentencing in 2009 (doc. 156). In 2012, Defendant's amended offense level after the application of Amendment 750 was 34 (docs. 190, 192). This reduction in the offense level was similarly unaffected by the application of the career offender provision because, even if the provision was applicable, Defendant's offense level pursuant to § 4B1.1 would have been the same as that calculated pursuant to § 2D1.1 of the guidelines. Defendant's claims are thus based on the erroneous premise that he was sentenced in accordance with § 4B1.1 of the guidelines. Therefore, even if Defendant's claim is not considered to be successive, Defendant is not entitled to relief.

## **Certificate of Appealability**

---

[2] The court noted that Defendant's career offender offense level would be 34 instead of 37 pursuant to the Eleventh Circuit's order on direct appeal (doc. 156; *see also* doc. 98). There was no mention of whether Defendant had a sufficient number of qualifying predicate offenses.

Case Nos.: 3:01cr8/RV; 3:13cv451/RV/EMT

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 Rule 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1.      The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 207)  be **SUMMARILY DISMISSED**.

2.      No certificate of appealability be issued.

At Pensacola, Florida, this 13<u>th</u> day of August 2013.


/s/  *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).